## Case No. 16,854.

### VAN HOOK v. WOOD.

[4 Betts' C. C. MS. 24.]

Circuit Court, S. D New York.   Feb. 22, 1845.

PATENT FOR INVENTION—ACTION FOR INFRINGEMENT—SUFFICIENCY OF DECLARATION.

[1. In an action for the infringement of a patent, the declaration need not aver the fulfillment of the prerequisites to the issue of the patent, but it must contain allegations from which their fulfillment is naturally to be implied.]

[2. An averment that a patent under the seal of the United States, in due form of law, was issued, imports that it possessed all the constituents to its validity exacted by the statute.]

[3. In an action for infringement, the declaration cannot be attacked by general demurrer as not stating a sufficient title in plaintiff, when it avers that the patent was renewed on the application of the administrator of the patentee, and that he assigned his right to the plaintiff, and that the assignment is duly recorded.]

[4. An averment in a declaration that the commissioner renewed and extended a patent by making a certificate of the extension, without averring in terms that it was made on the patent as provided by statute, is sufficient, as against a general demurrer, when followed by an allegation that by virtue thereof the letters patent became of the same force and effect in law as if originally granted for 21 years.]

[5. The allegation that the renewal proceedings were in conformance to law, and that the commissioner did renew and extend the patent, avers, substantially, a valid extension, which it is for plaintiff to prove on the trial.]

[6. An averment that disclaimances were duly and legally executed in writing, and accepted by the commissioner, is sufficient to enable plaintiff to give evidence of their execution as required by statute.]

[7. The plaintiff claiming under an assignment need not set forth a perfect instrument of assignment in order to maintain his action.]

[8. An assignment of a patent, though not recorded, vests title in the assignee until due entry or claim by the party entitled to take advantage of the breach of condition as to recording.]

[This was an action by William Van Hook against Thomas W. Wood for infringement of a patent.]

BETTS, District Judge. This case, like Van Hook v. Wood [See Case No. 16,855], is on demurrer to a declaration, and involves some of the same questions considered and disposed of in that case. The declaration avers:

That a patent was granted to William Woodworth, December 7, 1828, for a new and useful improvement in the method of planing, tongueing, grooving, and cutting into mouldings, or either, planks, boards, etc. That the letters patent were recorded anew August 26, 1842. On the first of January, 1839, the patentee died, and on the 14th day of February, thereafter, William W. Woodworth took out letters of administration, etc. That on the first day of January, 1840, the plaintiff became, by an assignment in writing, the owner of the exclusive right to the said letters patent within and for the city and county of New York. On the first day of September, 1842, the said administrator applied for an extension of the patent, and on the 16th day of November, 1842, the commissioner of patents did renew and extend the same, by making a certificate of such extension, for the term of seven years from and after the expiration of the patent, etc., which certificate, with that of the board, etc., was duly recorded. On the 19th December, 1842, the administrator assigned to plaintiff the sole and exclusive right to such extension in the city and county of New York for three years after the expiration of the original patent. On the 2d day of January, 1843, the administrator, for himself and all persons claiming under him, disclaimed the circular saws, etc. On the 15th day of September, 1843, the administrator duly assigned to the plaintiff the whole residue of such patent for the city and county of New York, for the residue of the time, etc., which is duly recorded. The declaration charges infringement by the defendant in the city of New York, on the first day of July, 1843, and from that time to the commencement of this suit, etc. The action was commenced at October term, 1844.

The grant of the patent is set forth in the declaration that William Woodworth was the original and first inventor of the said improvement, etc., and, being such inventor, made application to the secretary of state of the United States to obtain letters patent for an exclusive property in the said improvement, and complied with the acts of congress in such case provided, and thereupon letters patent of the United States, in due form of law, were issued to the said William Woodworth, under the seal of the United States, etc. The point most discussed and relied upon under the demurrer is the insufficiency of this method of pleading letters patent, and the case of Cutting v. Myers [Case No. 3,520], decided by Judge Washington, is relied upon as settling the question in favor of the defendant. If that case is to be understood according to its acceptation by the defendant's counsel in respect to the pleading then under judgment, and the exposition of the statute is sound,—that making out the patent by the proper officers does not import its delivery or going into effect as a grant,—this declaration avoids the difficulty upon which that point was ruled. Here it is expressly averred

that letters patent, in due form of law, were issued to William Woodworth under the seal of the United States. The argument of the learned judge in his opinion dwells upon the want of any express allegation of the delivery or issuing of the patent, and that the pleadings only represent inchoate and imperfect steps in the completion of the grant; and it, throughout, goes upon the assumption that if a delivery had been averred a sufficient foundation could have been laid for the implication that all proceedings enjoined by the statute as preliminary to the grant have been properly taken. The doctrine established by that case is not that the declaration must aver the fulfillment of those prerequisites, but only that, if not averred in detail, it must contain allegations from which their fulfillment is naturally to be implied. This principle is stated with great precision and force by the judge,—Cutting v. Myers [supra],—and is enforced with higher authority by the supreme court. Philadelphia & T. R. Co. v. Stimpson, 14 Pet. [39 U. S.] 448. The teste to the patent by the signature of the president, and that it should be made out in the name of the United States and recorded, are, under the act of 1793, vital particulars, without which it could not be delivered by the secretary of state. The legal presumption in respect to the acts of high officers of government is that they are taken in strict conformity to the injunctions of law, and an averment that a patent, under the seal of the United States, in due form of law, was issued, imports that it possessed all the constituents to its validity exacted by the statute. Noe v. Prentice. [Case No. 10,284a]. It would be useless tautology to allege seriatim that the various acts pointed out by the statute were performed by the president, secretary. etc.; the whole matter, so far as pleading is concerned, being embodied in the averment that the patent was issued. I lay no stress upon the allegation that the patent was in due form of law, as that is matter of evidence, to be shown at trial. The general issue pleaded by the defendant imposes on the plaintiff the necessity of proving his title by the production of the patent, possessing all legal requisites to the validity, and the parties would stand on the same footing if the declaration had set forth the proceedings in obtaining and executing the grant with all possible fullness of detail. All unnecessary allegations should be discountenanced, as they amplify proceedings, and tend to confuse the points upon which the controversy should turn. Still. I do not accede to the position that in relation to the official acts of public functionaries, performed under specific appointment of law, it is enough to aver they were performed in due form of law, without spreading at large on the pleadings the particular steps taken in executing such duties. Upon authority and principle. I hold the declaration sufficient in this particular.

Three objections taken under the general demurrer, (1) that the extension or renewal of the patent to the administrator was without authority of law and void, or, (2) if operative, that the extension inured to the benefit of the assignees of the original patent right, and (3) the sufficiency of the specification upon its face to uphold the patent, were all considered and disposed of by the court, against the defendant, on his motion to dissolve the injunction issued against him. That decision will be adhered to in the present case.

Further objection raised by the general demurrer is that the declaration does not set forth a sufficient title in the plaintiff. That point, clearly, cannot be maintained on general demurrer, because, if the deduction of title to the plaintiff is defective and faulty in every other particular, yet, the renewal of the patent having vested in the administrator the whole of the extended term, it is sufficiently averred that he, after that, on the 15th of September, 1843, assigned his right in the city and county of New York to the plaintiff, and that the assignment was duly recorded, and that infringements have continued to be committed to the present period. The original patent expired in 1842, and the declaration, on its face, sufficiently gives title in the new term to enable the plaintiff to sustain his action for all violation since that time, and, being good in any substantial part or count, will be held good on general demurrer. The object of the demurrer, however, as indicated by the points taken, is to raise the questions whether the extension of the patent was made in a legal and valid manner, and. if it was, whether the plaintiff has shown title in himself thereto. accompanied by the additional objection that the declaration deduces no valid title to the plaintiff under the original patent. The latter point could be of no importance, except as to violations anterior to December, 1842, unless the assignment of the original patent right was in such terms as to convey also the privilege of any extension or renewal thereof, since, for the purposes of this action, here and in equity, it is decided that a bare assignment takes only the term of the original patent, and does not acquire any interest in its extension. There is nothing in the declaration importing that the plaintiff had conveyed to him, by the assignment under the original patent, anything beyond the interest there subsisting. And. if the deduction of title is imperfect in that respect, it would only limit the plaintiff's recovery to the posterior term, not bar his action; and the exception, accordingly, is not one that will lie on general demurrer.

In respect to the other two points, I think, under a general demurrer, the declaration is sufficient in this behalf. It avers that the administrator made application in writing for the renewal, pursuant to the act of congress. and then and there complied with and performed all the requirements of the said act,

and such proceedings were had thereon that the commissioner on the 16th November, 1842, did renew and extend the patent, by making a certificate of such extension, which, with the certificate of the board appointed to decide on such application, containing their opinion and judgment, was duly recorded, etc. The insufficiency imputed to the statement is the same in substance as before considered in respect to pleading the original grant. and the principles governing that point apply with no less appropriateness to this. It would be supererogatory to set out the proceedings leading to the decision and certificate of the commissioner and the board, and from their consummating the act the law will imply that everything had been previously done which the statute made necessary in order to the extension. The declaration varies in this particular from the form pursued in the other, in not alleging that the certificate of extension was issued or delivered to the administrator. It is averred that the certificates were duly recorded, and profert is made thereof. The declaration, in this, adopts the language of the statute; and the provision of the eighteenth section, authorizing the extension or renewal of patents, does not, as that of the seventh section, require the commissioner to issue the certificate. On the contrary, it declares that "such renewal shall extend for the benefit of assignees and guarantees to the extent of their respective interests in the patent." Had the declaration followed out in full the language of the act, there could have been no doubt of its sufficiency; for then it would have averred everything the act required to render the extension complete, and making the certificate on the patent would have been deemed the same as its issue or delivery to the patentee. But the act requires the commissioner to extend the patent "by making a certificate to that effect on the patent," and this averment in the declaration is that the commissioner did renew and extend the patent by making a certificate of such extension, without averring, in terms, it was made on the patent. Though this is loose pleading, and an exceedingly summary way of setting out a title derived through a statute, yet I am inclined to consider it sufficient under general demurrer for two reasons: First, for that it is alleged that by virtue "whereof" the letters patent became of the same force and effect in law as if originally granted for 21 years, all which was and is in due form of law; and. secondly, because it is matter of evidence, to be made out on the part of the plaintiff, and the rules of pleading do not exact the statement of particulars to be proved in support of the right, when the right is substantially averred. Staples, Pl. 348. An averment that the plaintiff is heir or devisee is good on general demurrer. without showing on the declaration whether he is son or brother of his ancestor, or setting out the will at large. Day v. Chism, 10 Wheat. [23

U. S.] 453. The allegation that the proceedings were taken conformably to law, and that the commissioner did renew and extend the patent, avers substantially a valid extension, which it is incumbent on the plaintiff to prove at the trial. Or the averment, I think, may be held to import that the commissioner performed every act enjoined on him by statute; and, as the patent had long been issued, it was unnecessary to aver, as in the case of the grant itself, the making the certificate on the patent, in order to lay the foundation to imply its delivery to the patentee. The making out and recording a patent, according to the opinion of Judge Washington, does not import its delivery, and is accordingly a defective averment of the grant thereof. But, admitting that case to be a sound interpretation of the act of 1793 [1 Stat. 318], a distinction may be taken in respect to renewals under the act of 1837 [5 Stat. 191]; there being nothing in the latter statute indicating that the commissioner is to do more than make a certificate. and record it on the patent, to perfect the renewal. whereas the former is supposed to demand, also, after all the acts of the officers are fully performed, a delivery or issue of the letters patent to the patentee. Making the certificate becomes here tantamount to such delivery. The act then declares, "which certificate, and also that of said board, are to be recorded in the patent office." .The declaration avers such record, and makes profert of it; and as the record, by the terms of the statute, is subsequent and consequent to making the certificate on the patent, and a transcript of it, the averment of such record implies the performance of the previous step by the commissioner. upon the execution of which only could the record exist.

The defendant further seeks, under the general demurrer, to raise the question of the validity of the patent without the disclaimers referred to in the declaration, and the sufficiency of the disclaimers to aid or make it good; and, by special demurrer, he points out defects of form in pleading the disclaimers. It is averred that on the first day of February, 1838, James J. Wilson, the owner of the patent right for the city and county of New York, by an instrument in writing in due form, and duly and legally executed by him, disclaimed all exclusive right to the application and use of circular saws, etc., which disclaimer was delivered to the commissioner of patents, and was by him accepted and duly recorded. and that on the 2d day of January, 1843. the administrator, in the same manner, for himself and for all persons claiming any interest in the said patent, made like disclaimer. The declaration alleges that the patentee died January 1. 1839; that letters patent issued to William W. Woodworth, on his estate, and "on the first day of January, 1840, the plaintiff became, by an assignment in writing, the owner of the exclusive right to said letters patent within and

for the city and county of New York." Clearly, it is not matter of law, for the court to decide upon the face of the declaration, whether the patent was void for claiming the application and use of circular saws; and in that respect, therefore, the allegation might be regarded merely surplusage, a particular which does not vitiate, whether well or ill pleaded, unless it goes to show that the plaintiff has no cause of action. 1 Chit. 232; Gould, Pl. c. 3, § 170; Com. Dig. "Pleader" (C 4) 28. But, supposing the disclaimers to have become part of the specification, then they are excepted to by special demurrer, because it is not alleged they were attested by one or more witnesses in writing, or that they contained a statement of the extent of the interest of the parties making them. I think the special causes of demurrer assigned in respect to the disclaimers cannot be sustained, because the general averment that they were duly and legally executed in writing, and accepted by the commissioner, is sufficient to enable the plaintiff to give evidence of their being executed conformably to the requisites of the statute, without setting forth any ingredient to their due execution, and that the declaration does particularize, to a common intent, the interest of the parties executing them.

Three other special causes of demurrer are assigned: (1) That it does not appear in the declaration how the plaintiff, on the first of February, 1840, became, by assignment, exclusive owner of the letters patent for the city and county of New York. This objection presupposes that it is incumbent on the plaintiff to set forth a perfect instrument of assignment, in order to maintain his action. I perceive no foundation in principle for this. It is never necessary for assignees in bankruptcy to set forth the commission, assignment, etc. They declare only in the capacity of assignees. 2 Chit. Pl. 91; 3 Durn. & E. [7 Term R.] 779. Where the specialty supplies the cause of action, the assignee, the same as the obligee, will be obliged to set forth particularly the instrument on which the action is founded. 1 Chit. 347. But his title to sue may be alleged generally,—particularly when the assignment to him need not be by deed. Noke v. Awder, Cro. Eliz. 436; Id. 373; 3 Barn. & Ald. 392.

(2) Another ground of special demurrer is that it does not appear on the declaration that Wilson ever parted with, or assigned away, his right to said patent, etc. It is sufficient answer to this objection to say that it does not appear upon the declaration that he had any right after the year 1838, the time when he executed the disclaimer. It is alleged that the patentee died January, 1839, and that the plaintiff acquired full title for the city and county of New York in January, 1840. If Wilson's right terminated with the life of the patentee, or previous to, or by, the assignment to the plaintiff, of 1840, it would be unnecessary to notice when he acquired or when he parted with his right. The court cannot imply that it was a continuing right after 1838, which could impede the acquisition of a perfect title by the plaintiff in 1840. A demurrer is not the mode of pleading by which such matter can be brought up to bar the plaintiff's right. The probable presumption may be that Wilson was the assignor, in 1840, to the plaintiff, and, if so, this objection would be embraced in, and disposed of with, the best special cause of demurrer; and, if he may not, there is no legal incompatibility before the plaintiff acquired title, in 1840.

The last special cause of demurrer strongly relied on is that the plaintiff does not aver that the assignments through which he claims title were recorded. This may have been a prerequisite to the passing of title under the act of 1793, and therefore bad on demurrer. Dobson v. Campbell [Case No. 3,945]; Wyeth v. Stone [Id. 18,107]. But the act of 1836, § 11 [5 Stat. 121], varies essentially the language of that of 1793. The patent is assignable, without restrictions, by an instrument in writing, and then follows a direction for recording the assignment within three months. See Valentine v. Marshall, Case No. 16,812a. For three months, at least, then, the assignment would operate and convey a perfect title, and the noncompliance with a condition subsequent (if the recording be a condition at all) would, upon the principles of the common law, leave the interest in the grantee until due entry or claim by the party entitled to take advantage of the breach of condition, and this must usually be the party from whom the grant proceeds.

In overruling the demurrer, it is not to be understood that the court fully approves the mode of declaring adopted in this cause. There are various particulars in which the declaration might have been open to exception on special demurrer, and, in stating the title of the plaintiff, it deviates entirely from established forms, without giving, in brevity and perspicuity, any commensurate advantages. The court would in no way encourage the diffuse and prolix methods sometimes in use in declaring on statutory rights, yet that vice might be avoided, still retaining all convenient conciseness, and affording a distinct and explicit view of the right set up, and the manner it is intended to be proved at trial. Some of the exceptions in the case were fundamental, and raised questions proper to be discussed and considered; but others must be regarded as rather hypercritical, and seeking to conform the pleadings to that nicety and technical exactness which once had its vogue, but which has long been discountenanced in this country and England as in no way advancing the rights of parties, or the sound administration of the law. On the whole case, judgment must be rendered for the plaintiff, with costs.